## Perovich *v.* Domansky, Appellant.

*Negligence—Damages—Compensatory or punitive damages—Wanton assault.*

In an action for personal injuries inflicted upon a boy nine years of age it is not error for the court to refuse to instruct the jury that plaintiff's recovery should be restricted to compensatory damages where it appears from defendant's evidence that his son and the plaintiff, who were near the same age, had quarreled on the street, and that fifteen minutes after being informed of the occurrence, while seated in front of his house reading a newspaper, he perceived the plaintiff across the street, and went over where he was; and a witness to the occurrence called by plaintiff testified that the defendant seized the boy by the neck and threw him violently against an iron slot machine, and at the same time kicked him.

Argued Jan. 18, 1911.   Appeal, No. 187, Jan. T., 1910, by defendant, from judgment of C. P. No. 4, Phila. Co., Sept. T., 1907, No. 618, on verdict for plaintiffs in case of Frank Perovich, by his father and next friend, Ambrose Perovich, and Ambrose Perovich v. Vincent Domansky. Before FELL, C. J., BROWN, MESTREZAT, POTTER and MOSCHZISKER, JJ.   Affirmed.

Trespass for personal injuries to a minor child.   Before WILLSON, P. J.

The facts appear in the opinion of the Supreme Court.

At the trial the defendant offered the following point, which was refused:

"If the jury find for the plaintiffs in this case, they are restricted, under the pleading, to a verdict for compensatory damages, and punitive damages cannot be given to the plaintiffs."

Verdict of $3,000 for the minor plaintiff and $1,000 for his father, and judgment thereon.

*Error assigned* among others was in refusing defendant's point as above.

*John G. Johnson,* and *Henry B. Patton,* with them *William W. Staake,* for appellant.—It is error to instruct the jury that they may find punitive damages where the evidence justifies only compensatory damages: Rose v. Story, 1 Pa. 190; Lynch v. Troxell, 207 Pa. 162; Robison v. Rupert, 23 Pa. 523.

*John Weaver,* with him *Israeli & Blieden,* for appellees.

PER CURIAM, March 20, 1911:

The ground of this action was that the defendant had wrongfully and maliciously injured one of the plaintiffs, a boy ten years of age, causing permanent deafness. The only assignment of error pressed at the argument relates to the refusal of the court to instruct the jury that any recovery by the plaintiffs should be restricted to compensatory damages. A witness to the occurrence, called by the plaintiffs, testified that the defendant seized the boy by the neck and threw him violently against an iron box or slot machine, and at the same time kicked him. It appeared from the testimony of the defendant, that his son and the plaintiff, who were near the same age, had quarreled on the street and his son had returned home and told him of the occurrence. More than fifteen minutes afterwards, while the defendant was seated in a chair on the pavement, in front of his house, reading a newspaper, the plaintiff, who was on the opposite side of the street, was pointed out to him as the boy who had quarreled with his son, and he crossed the street to where the boy stood. Whatever he then did was not in defense of his son nor in sudden heat or excitement because his son had been beaten by the plaintiff. Whether under the circumstances it was wanton and vindictive, was a question for the jury and it was properly submitted.

The judgment is affirmed.